**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BRAULIO LEON-JUARICO,

          Petitioner,

v.

JEFFREY A. ROSEN, Acting Attorney
General,

          Respondent.

No.   18-73431

Agency No. A205-855-799

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 12, 2021[**]
San Francisco, California

Before: BYBEE and R. NELSON, Circuit Judges, and WHALEY,[***] District
Judge.

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]     The Honorable Robert H. Whaley, United States District Judge for the
Eastern District of Washington, sitting by designation.

Petitioner Leon-Juarico requests review of the Board of Immigration Appeal's (BIA's) decision reversing an Immigration Judge's (IJ's) grant of his application for cancellation of removal as a matter of discretion. Leon-Juarico asserts that the BIA (1) legally erred by applying the improper standard of review and (2) violated his right to due process by insufficiently explaining its rationale for reversing the IJ. The government asserts that we lack jurisdiction over the petition because Leon-Juarico has not presented a colorable legal question. We review whether the BIA applied the correct standard of review de novo, *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012), and whether the BIA provided a reasoned explanation for its decision for an abuse of discretion, *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We deny the petition.

1.      Leon-Juarico presents colorable legal questions that invoke our jurisdiction. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) ("To be colorable in this context, the alleged violation need not be substantial, but the claim must have some possible validity."). He contends that the BIA reviewed the IJ's factual findings de novo, a legal error, and failed to provide a clear rationale for reversing the IJ, violating due process. Both of Leon-Juarico's claims sufficiently allege legal error; they do not "merely [] attempt to cloak an abuse of discretion argument in the garb of a question of law." *Arteaga-De Alvarez v.*

2

*Holder*, 704 F.3d 730, 736 (9th Cir. 2012). Thus, we have jurisdiction to review Leon-Juarico's petition.

2.      The BIA applied the correct standards of review by reviewing the IJ's factual findings for clear error and the IJ's discretionary determination de novo. *See* 8 C.F.R. § 1003.1(d)(3)(i) ("Facts determined by the [IJ] . . . shall be reviewed only to determine whether the findings of the [IJ] are clearly erroneous."); *id.* § 1003.1(d)(3)(ii) (The BIA "may review questions of law, discretion, and judgment . . . in appeals from decisions of [IJs] de novo."). Contrary to Leon-Juarico's contentions, the BIA recognized the "exceptional and extremely unusual" hardship to Leon-Juarico's  son upon his removal, agreeing with the IJ that "[p]articularly notable is the hardship to [Leon-Juarico's] son . . . as [he] has serious health problems and [Leon-Juarico] provides him significant assistance." While the BIA misstated certain testimony, the error was harmless because the conclusion was consistent with the IJ's factual findings. Finally, the BIA did not improperly review the IJ's factual findings on the other positive equities considered by the IJ. The BIA repeatedly cites to the IJ's opinion for the underlying factual findings in the process of weighing these equities against Leon-Juarico's arrest. The BIA acknowledged the correct standards of review and did not "ignore[] factual findings of the IJ that were key to the IJ's holding," *Vitug v.*

3

*Holder*, 723 F.3d 1056, 1064 (9th Cir. 2013). The BIA merely, in the exercise of its discretion, weighed these facts differently than the IJ. Thus, the BIA did not commit legal error.

3.     The BIA has sufficiently explained its rationale for reversing the IJ's determination. *See Kalubi v. Ashcroft*, 364 F.3d 1134, 1140–41 (9th Cir. 2004) ("BIA must explain what factors it has considered or relied upon sufficiently that we are able to discern that it has heard, considered, and decided." (quotation omitted)). It is clear to us that the BIA determined, as a matter of its discretion, that the circumstances surrounding Leon-Juarico's arrest outweighed the exceptional and extremely unusual hardship to his son resulting from his removal. The BIA has not violated Leon-Juarico's due process rights or abused its discretion by failing to sufficiently explain its rationale.

**PETITION DENIED.**